JOHN McDONOGH *v.* JAMES CALLOWAY and others.

Where the owner of ground, in dividing it into lots for sale, reserves a part for a
public alley, and subsequently sells the lots with reference to a plan on which
the alley is described, and as fronting on the alley, the ground set apart for the
alley must be considered as dedicated to public use ; and the purchasers of the
lots have a right to insist upon its being kept open for the purposes for which it
was thus dedicated.

APPEAL from the Parish Court of New Orleans, *Maurian, J.
Grivot* and *Roselius,* for the plaintiff.

*Bartlette, J. E. Jones,* and *G. Strawbridge,* for the appellants.

SIMON, J.   This case was lately before us on an interlocutory
question which had arisen during its progress, in relation to the
extent of the writ of injunction which had been granted by the
judge, *a quo,* inhibiting the defendants from disturbing the plain-
tiff in the free use and enjoyment of the common passage de-
scribed in his petition ; and our judgment then was, that the
sheriff should immediately demolish and remove the fence and
obstructions in the said common passage, without prejudice to
the rights of any of the parties on the merits.   See the case lately
decided between the same parties, 7 Robinson, 442.

Our former decision gives a full statement of the allegations
contained in the plaintiff's petition, which was answered by the
defendants Jones, who admitted that they were in possession, as
owners, of a part of the alley mentioned in the petition, viz.:
about one hundred and seventeen feet of the end fronting on
New Levée street ; but they denied all the plaintiff's allegations.

Judgment was rendered below on the merits in favor of the
plaintiff, and the injunction was made perpetual, further ordering
that the fence across the common passage on New Levée street,

---

and along said common passage be removed; and from this judgment the defendants have appealed.

The facts of the case as shown by the record, are these: In the year 1822, John P. Jones, the appellants' ancestor, being the owner of a piece of ground on the batture of the suburb St. Mary, between Gravier and Poydras streets, caused a plan thereof to be made by Joseph Pilié, then the city surveyor. This piece of ground had a front on New Levée street, of twenty-nine feet two inches, and on Tchoupitoulas street of twenty-nine feet ten inches. The plan bears date the 12th of December, 1822; according to which the ground was divided into three distinct lots, to wit, one on New Levée street of *twenty-three feet only*, six feet and two inches having been taken from the original front for an alley, or common passage; and the depth was ninety-one feet on one side and eighty-three feet on the alley side. The second lot has a front on the alley of sixty feet; and the third has a front on Tchoupitoulas street of *twenty-four feet ten inches*, five feet having been taken for the alley; so that the alley or common passage, runs through the square, having five feet front on Tchoupitoulas street, and six feet two inches on New Levée street, between the lots above divided, and the property of the plaintiff and other persons.

On the 25th of August, 1823, John P. Jones sold to Maloney that portion of the lot situated and fronting on New Levée street, with the following description in the deed of sale, to wit: "A lot of ground, together with all the buildings thereon erected, on the batture of suburb St. Mary, between Gravier and Poydras streets, *measuring twenty-three feet front* to Levée street, by one hundred and seventeen feet in depth, adjoining the property of Linton & Wilkins, and *one hundred and nine feet in depth on the other side, fronting an alley of six feet two inches in width, which said alley is not included in the sale, &c.,* the whole in English measure, and *conformably to the plan made on the 12th December,* 1822, by Joseph Pilié, city surveyor, and hereunto annexed," &c.

On the 17th March, 1829, Maloney sold the same lot to Lallande, with the same description, the one hundred and nine feet in depth, "*fronting an alley of six feet two inches wide not in-*

*cluded in the sale, and conformably to the plan of Joseph Pilié, &c.,"* referring to the sale from Jones to Maloney; and on the 29th of May, 1829, Lallande sold the same lot to Gros, with the same description, except that the lot being sold as containing twenty-three feet in front, by a depth on the alley side of one hundred and nine feet, no mention of or reference to the alley was made.

. A copy of the plan referred to in the sales, was produced in evidence, and is certified by the notary as being a true copy of the original plan in his possession; and it is shown by the testimony of several witnesses examined on the trial, that the alley has always been used *as a common passage;* that it is used as such by the whole city; and that there are persons living on the alley. One of the witnesses says he has no other passage to the levée. Another states that the alley is known as *Natchez alley,* and has been open since at least twenty years, &c.; and the record contains the admission, that the plaintiff's title to the property described in his petition, *is derived by regular, immediate conveyances from John P. Jones.*

Under this state of facts, we are at a loss to conceive how the defendants could ever pretend to be the owners of the space of ground forming the alley in controversy. It is proved, that this alley was abandoned and dedicated to the public use by their ancestor, more than twenty years ago; that a plan of it was made under his direction, by the city surveyor, which plan was referred to in the sales of the adjoining property, as indicating the exact location of the lots, and of the alley along which they were to run in the depth. No reservation is made with regard to the alley, except that it is not included in the sale. It is left open for the use of the neighborhood and of the public; and we cannot believe that, if the defendants' ancestor had not really intended to abandon the narrow strip of ground which forms the alley, to the use of the public, and particularly of those to whom he had sold the adjoining lots, he would have separated it from the lots by him last sold, the front of which would have been more extensive, and consequently the lots themselves capable of being more advantageously sold. Surely, he did not intend to keep a lot of six feet two inches front on one side, and five feet

front on the other side, as his property; for, having reserved it as an alley, *not included in the sale,* this shows that, under his plan, he intended that the alley should separate the ground which he had previously sold, from that which he had divided into three lots, and subsequently into two lots, in order that they might produce more; and that the alley left open should henceforth be used as a common passage. The dedication made by the plan, and subsequently recognized in the sales, is conclusive,. and must be binding upon the former owner of the ground, the title to a part of which is derived from him by the plaintiff, who, in our opinion, is clearly entitled to the use and enjoyment of the alley, or passage now claimed by the defendants as their property. This right to use the passage results from the dedication made in the plan annexed to the sales, and cannot now be destroyed or claimed against, under the pretence, that the different subsequent division of the ground into two lots instead of three, shows a change in the original intention of the owner. It is true, that the depth of the front lots was increased, so as to include therein the middle lot marked No. 2 on the plan : but this is the only alteration. The fronts are the same on both streets; and certain it is also, that the vendor, in describing the lot in the sale to Maloney, stipulates that it has one hundred and nine feet in depth *on the other side, fronting an alley of six feet two inches in width, which said alley is not included in the sale, the whole conformably to the plan hereunto annexed.* This sale was made after the owner had thought proper to change the depth of his lots; but he still preserved the alley as indicated on the plan, under which the alley was clearly dedicated to public use.

*Judgment affirmed.*